UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL GONZALEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 2:24-cv-02768-CSK<br><br>ORDER ON PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT<br><br>(ECF Nos. 10, 16) |

Plaintiff Paul Gonzalez seeks judicial review of a final decision by Defendant Commissioner of Social Security denying an application for supplemental security income.[1] In the summary judgment motion, Plaintiff contends the final decision of the Commissioner contains legal error and is not supported by substantial evidence. Plaintiff seeks a remand for an award of benefits, or alternatively, for further proceedings. The Commissioner opposes Plaintiff's motion, filed a cross-motion for summary judgment, and seeks affirmance.

For the reasons below, Plaintiff's motion is DENIED, the Commissioner's cross-motion is GRANTED, and the final decision of the Commissioner is AFFIRMED.

/ / /

---

[1] This action was referred to the magistrate judge under Local Rule 302(c)(15) and proceeds on the consent of all parties. (ECF Nos. 3, 7, 8; *see* ECF Nos. 11, 12.)

1

# I. SOCIAL SECURITY CASES: FRAMEWORK & FIVE-STEP ANALYSIS

The Social Security Act provides benefits for qualifying individuals unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(a). When an individual (the "claimant") seeks Social Security disability benefits, the process for administratively reviewing the request can consist of several stages, including: (1) an initial determination by the Social Security Administration; (2) reconsideration; (3) a hearing before an Administrative Law Judge ("ALJ"); and (4) review of the ALJ's determination by the Social Security Appeals Council. 20 C.F.R. § 416.1400(a).

At the hearing stage, the ALJ is to hear testimony from the claimant and other witnesses, accept into evidence relevant documents, and issue a written decision based on a preponderance of the evidence in the record. 20 C.F.R. § 416.1429. In evaluating a claimant's eligibility, the ALJ is to apply the following five-step analysis:

> **Step One**: Is the claimant engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to step two.
>
> **Step Two**: Does the claimant have a "severe" impairment? If no, the claimant is not disabled. If yes, proceed to step three.
>
> **Step Three**: Does the claimant's combination of impairments meet or equal those listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1 (the "Listings")? If yes, the claimant is disabled. If no, proceed to step four.
>
> **Step Four**: Is the claimant capable of performing past relevant work? If yes, the claimant is not disabled. If no, proceed to step five.
>
> **Step Five**: Does the claimant have the residual functional capacity to perform any other work? If yes, the claimant is not disabled. If no, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995); 20 C.F.R. § 416.920(a)(4). The burden of proof rests with the claimant through step four, and with the Commissioner at step five. *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020). If the ALJ finds a claimant not disabled, and the Social Security Appeals Council declines review, the ALJ's decision becomes the final decision of the Commissioner. *Brewes v. Comm'r.*, 682 F.3d 1157, 1161-62 (9th Cir. 2012) (noting the Appeals Council's denial of review is a non-final agency action). At that point, the claimant may seek judicial review of the

Commissioner's final decision by a federal district court. 42 U.S.C. § 405(g).

The district court may enter a judgment affirming, modifying, or reversing the final decision of the Commissioner. *Id.* ("Sentence Four" of § 405(g)). In seeking judicial review, the plaintiff is responsible for raising points of error, and the Ninth Circuit has repeatedly admonished that the court cannot manufacture arguments for the plaintiff. *See Mata v. Colvin*, 2014 WL 5472784, at *4 (E.D. Cal, Oct. 28, 2014) (citing *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929 (9th Cir. 2003) (stating that the court should "review only issues which are argued specifically and distinctly," and noting a party who fails to raise and explain a claim of error waives it).

A district court may reverse the Commissioner's denial of benefits only if the ALJ's decision contains legal error or is unsupported by substantial evidence. *Ford*, 950 F.3d. at 1154. Substantial evidence is "more than a mere scintilla" but "less than a preponderance," i.e., "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted). The court reviews evidence in the record that both supports and detracts from the ALJ's conclusion, but may not affirm on a ground upon which the ALJ did not rely. *Luther v. Berryhill*, 891 F.3d 872, 875 (9th Cir. 2018). The ALJ is responsible for resolving issues of credibility, conflicts in testimony, and ambiguities in the record. *Ford*, 950 F.3d at 1154. The ALJ's decision must be upheld where the evidence is susceptible to more than one rational interpretation, or where any error is harmless. *Id.*

II.     **FACTUAL BACKGROUND AND ALJ'S FIVE-STEP ANALYSIS**

On February 22, 2022, Plaintiff applied for supplemental security income under Title XVI of the Social Security Act, alleging he has been disabled since January 1, 2010. Administrative Transcript ("AT") 61, 195-204 (available at ECF No. 10). Plaintiff claimed disability due to post traumatic stress disorder ("PTSD"), agoraphobia, "mental issue," anxiety, depression, "heart raises when have anxiety," chronic social phobia, and chronic generalized anxiety disorder. AT 221. Plaintiff's applications were denied initially and upon reconsideration; he sought review before an ALJ. AT 61-78, 79-97, 98. Plaintiff

appeared with a representative at a December 12, 2023 hearing before an ALJ, where Plaintiff testified about his impairments, and a vocational expert testified about hypothetical available jobs in the national economy. AT 34-60.

On February 28, 2024, the ALJ issued a decision finding Plaintiff was not disabled. AT 14-29. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since February 22, 2022. AT 19. At step two, the ALJ determined Plaintiff had the following severe impairments: depression, PTSD, chronic social phobia and agoraphobia, and generalized anxiety disorder. *Id.* At step three, the ALJ found Plaintiff's combination of impairments did not meet or medically equal any Listing. AT 21. (citing 20 C.F.R Part 404, Subpart P, Appendix 1). Relevant here, the ALJ considered Listings 12.04 (depression), 12.06 (anxiety), and 12.15 (trauma- and stressor-related disorders) for Plaintiff's mental impairments, examining the "Paragraph B" criteria for the mental impairments.[2] The ALJ found Plaintiff moderately limited in understanding, remembering, or applying information; in interacting with others; in concentrating, persisting, or maintaining pace; and in adapting or managing oneself. AT 21-22. In making these findings, the ALJ noted conflicts in the record between Plaintiff's testimony, the medical evidence, and the medical opinions in the record. *See* AT 23.

The ALJ then found Plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations:

> [Plaintiff] can: understand, remember, and carry out simple instructions; deal with occasional changes in a routine work setting; occasionally interact with coworkers and supervisors; and never interact with members of the public. In addition, the

---

[2] "Paragraph B" lists four categories for evaluating how a claimant's mental disorders limit their functioning: understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. To be found disabled under the Paragraph B categories, the mental disorder must result in an "extreme" limitation of one, or "marked" limitation of two, of the four areas of mental functioning. *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 1, 12.00 Mental Disorders, sub. A.2.b. "Paragraph C" of listings including 12.04, 12.06, and 12.15, provides criteria used to evaluate "serious and persistent mental disorders." To be "serious and persistent" there must be a medically documented history of the existence of the mental disorder over a period of at least 2 years. *Id.*, sub. A.2.c.

4

> [Plaintiff] cannot perform work requiring a specific production rate, such as assembly line work or work requiring hourly quotas.

AT 22. In crafting this residual functional capacity, the ALJ stated he considered Plaintiff's symptom testimony, to the extent the symptoms are reasonably accepted as consistent with the objective medical evidence and other evidence, and considered the medical opinions and prior administrative medical findings. *Id.*

Based on the residual functional capacity, the ALJ determined at step four that Plaintiff has no past relevant work. AT 28. However, at step five, the ALJ found Plaintiff capable of performing jobs in the national economy, including: (i) cleaner, industrial; medium exertion; SVP 2; with approximately 1,000,000 jobs nationally; (ii) hospital cleaner; medium exertion; SVP 2; with approximately 380,000 jobs nationally; and (iii) laundry, laborer; medium exertion; SVP 2; with approximately 240,000 jobs nationally.[3] *Id.* Thus, the ALJ found Plaintiff not disabled during the relevant period. AT 29.

On September 12, 2024, the Appeals Council rejected Plaintiff's appeal. AT 1-3. Plaintiff filed this action requesting judicial review of the Commissioner's final decision, and the parties filed cross-motions for summary judgment. (ECF Nos. 1, 10, 16.)

## III.   ISSUES PRESENTED FOR REVIEW

Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons to dismiss Plaintiff's symptom testimony. Plaintiff seeks a remand for an award of benefits, or alternatively, remand for further proceedings. (ECF No. 10.)

The Commissioner argues that substantial evidence supports the ALJ's assessment of Plaintiff's subjective statements. (ECF No. 16.) Thus, the Commissioner

---

[3] "Medium" in the ALJ's step-five determination references medium work, as defined by 20 C.F.R. § 416.967(c).
  "SVP" is "specific vocational preparation," defined as "the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation." *See* DOT, App. C, § II, available at 1991 WL 688702.

contends the decision as a whole is supported by substantial evidence and should be affirmed. *Id.*

## IV. DISCUSSION

### A. Subjective Symptom Testimony

Plaintiff argues that he produced objective evidence of his impairments showing that his impairments could reasonably be expected to produce some degree of impairment, and the ALJ failed to provide clear and convincing reasons to dismiss Plaintiff's symptom testimony. Pl. MSJ at 5-17 (ECF No. 10).

#### 1. Legal Standards

A claimant's statements of subjective symptoms alone are insufficient grounds to establish disability. 20 C.F.R §§ 404.1529(a), 416.929(a). If an ALJ was required to believe every allegation of pain or impairment, disability benefits would run afoul of the Social Security Act and its purpose. *Treichler v. Comm'r,* 775 F.3d 1090, 1106 (9th Cir. 2014). In evaluating the extent to which an ALJ must credit the claimant's report of their symptoms, the Ninth Circuit has stated:

> First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. In this analysis, the claimant is not required to show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Nor must a claimant produce objective medical evidence of the pain or fatigue itself, or the severity thereof.
>
> If the claimant satisfies the first step of this analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet: The clear and convincing standard is the most demanding required in Social Security cases.

*Revels v. Berryhill,* 874 F.3d 648, 655 (9th Cir. 2017) (quotations omitted). The ALJ's reasons for discounting or rejecting a claimant's subjective symptom testimony must be sufficiently specific to allow a reviewing court to conclude the adjudicator did not arbitrarily discredit a claimant's testimony. *Brown-Hunter v. Colvin,* 806 F.3d 487, 493

(9th Cir. 2015) (quotations omitted). Examples of "specific, clear and convincing reasons" for discounting or rejecting a claimant's subjective symptom testimony include: prescription of conservative treatment, *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007); inconsistencies between the plaintiff's testimony and conduct (including daily activities), *Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005); whether the alleged symptoms are consistent with the medical evidence of record, *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); an unexplained or inadequately explained failure to follow a prescribed course of treatment, *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991); or prior inconsistent statements by the plaintiff, *Fair v. Bowen*, 885 F.2d 597, 604 n.5 (9th Cir. 1989). A lack of corroborating, objective medical evidence alone is insufficient grounds for an ALJ to discount subjective symptoms; however, it is a factor the ALJ may consider. *Rollins*, 261 F.3d at 857 (citing 20 C.F.R § 404.1529(c)(2)).

### 2. Symptom Testimony

When the objective medical evidence in the record is inconsistent with the Plaintiff's subjective testimony, the ALJ may weigh it as undercutting the testimony. *Smartt v. Kijakazi*, 53 F.4th 489, 498-99 (9th Cir. 2022). The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but the Plaintiff's statements concerning the intensity, persistence and limiting effects of the symptoms are not entirely consistent with the medical evidence and other evidence in the record. AT 23.

Regarding Plaintiff's statements that he could not work due to his disabling mental impairments, the ALJ began by summarizing Plaintiff's subjective symptom testimony. AT 23. Plaintiff reported having auditory hallucinations, visual hallucinations with associated tactile sensations, social withdrawal/isolation, and sleep disturbance. AT 237, 240, 241, 309, 332, 825. Plaintiff reported experiencing anxiety, depression, and low mood seven days a week. AT 309. Plaintiff reported experiencing suicidal ideation, social withdrawal and isolation, panic, sleep disturbance, muscle tension, uncontrollable anxiety, anhedonia, amotivation, neglected hygiene, feelings of guilt and worthlessness,

concentration impairment, fatigue, easily distressed/frustrated, intrusive memories, nightmares, exaggerated startle, and hypervigilance. AT 332, 494, 499, 539, 549, 567, 825. Plaintiff's symptoms reportedly worsened with time. AT 309. Plaintiff admitted experiencing intermittent passive suicidal ideation but consistently denied intent, plan, or engagement in any preparatory acts. AT 332, 465-68, 486, 489, 494, 514, 519, 549, 567. Plaintiff reported experiencing anxiety symptoms daily for approximately two to four hours each day with an eight out of ten intensity, depressive symptoms daily which last all day, and PTSD symptoms approximately four times per week depending on if he is triggered. AT 309, 314. Plaintiff also reported being depressed seven days a week for the entire day. AT 309. Plaintiff reported feelings of distrust, avoidance of leaving the house, and struggling to talk to new people. AT 391.

The ALJ noted that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. AT 23. The ALJ noted that Plaintiff's statements about intensity, persistence, and limiting effects of his symptoms were inconsistent with the management and care the Plaintiff receives for his medical conditions. AT 23. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment." *Parra*, 481 F.3d at 750-51. Plaintiff argues that the ALJ improperly dismissed Plaintiff's testimony because he had conservative treatment, when in fact, Plaintiff's treatment was not conservative because Plaintiff attended consistent mental health therapy appointments and was prescribed multiple medications. Pl. MSJ at 11. However, the ALJ found that Plaintiff's course of treatment was consistent with less severe mental health symptoms. AT 23-24. Here, the ALJ properly found that Plaintiff's course of treatment was consistent with less severe mental health symptoms. AT 23-24; *see also Thomas V. v. Saul*, 2020 WL 586819, at *4 (C.D. Cal. Feb. 5, 2020). The record showed minimal documented episodes of decompensation and that Plaintiff has not needed assistance from psychological emergency services or crisis centers (but utilized them when he was younger). AT 314,

427, 829. Plaintiff mainly received outpatient treatment consistent of "somewhat inconsistent" therapeutic and medication management appointments, which the ALJ found to be consistent with less severe mental health symptoms. AT 23-24; *see* AT 311, 823. Plaintiff received mental health and therapy services through Starlight Outpatient program, briefly in 2021 and then more consistently in 2022 until Plaintiff transferred to an adult program. AT 662, 799. Plaintiff had appointments that varied in frequency from 2 weeks to 6.5 weeks, and Plaintiff received medication support where the follow up was noted to be every 2 months. AT 494, 496, 504, 506, 519, 521, 526; *see* AT 436, 444, 823. Further, the ALJ noted that Plaintiff showed improvement with medication, including Buspar and Lexapro. AT 24.

       The ALJ also noted that the medical record indicates that Plaintiff is periodically unengaged in treatment. AT 24. Plaintiff argues that this characterization is inaccurate as the medical record specifically indicates that Plaintiff worked hard to comply with his treatment once he understood. Pl. MSJ at 12. The Court finds the ALJ sufficiently cited evidence in the decision to support this conclusion. The ALJ noted multiple instances in the record that demonstrate how Plaintiff does not adhere to his prescribed medication, and noted that while Plaintiff had some unpleasant reactions to certain medications, he also reported improvement with other medications, including Buspar and Lexapro. AT 398, 434, 437, 443, 489, 490, 495, 505, 529, 568. Noncompliance with a prescribed course of treatment is a permissible reason to discount Plaintiff's symptom testimony. *See Bunnell*, 947 F.2d at 346.

       Plaintiff also argues that the ALJ improperly considered that Plaintiff's symptoms waxed and waned in severity. Pl. MSJ at 12. While the ALJ noted that Plaintiff's conditions wax and wane in severity, the ALJ also acknowledged that Plaintiff's mental status examinations show that Plaintiff presented appropriately and cooperatively, with affect and mood that is depressed, anxious, or constricted. AT 333, 489, 494, 499, 504, 514, 519, 529, 539. The ALJ went on to find that Plaintiff's allegations are inconsistent with objective medical evidence that showed Plaintiff could perform and sustain basic

9

mental demands of competitive, remunerative unskilled work, including the ability to understand, remember and carry out simple instructions. AT 24. Unlike Plaintiff's arguments, the ALJ did not dismiss Plaintiff's testimony because his symptoms waxed and waned, but because his testimony was inconsistent with the objective medical evidence.

Further, the ALJ noted that while Plaintiff has demonstrated shortcomings in his ability to fully execute an oral command, the overall medical record corroborates that Plaintiff retains the ability to understand and remember simple instructions. AT 24. The ALJ noted that Plaintiff had average intellect, intact cognitive functioning, and the presence of auditory and visual hallucinations. AT 333, 489, 494, 499, 504, 514, 519, 529, 539. The ALJ considered that the medical record warranted limitations in the complexity of Plaintiff's assigned work duties. AT 25. The ALJ further noted that with multiple mental status examinations revealing logical thought process, Plaintiff should be able to sustain his attention for two-hours (AT 333, 489, 494, 499, 504, 514, 519, 529, 539), but acknowledged that Plaintiff does have limitations in his ability to sustain concentration and took this into account in the residual functional capacity. AT 25.

The ALJ also acknowledged that Plaintiff testified that he had serious difficulties interacting with others, and that the record substantiates that Plaintiff has difficulty leaving the house without his mother or someone else. AT 25. But the ALJ found that the record supports that Plaintiff is able to engage with others that he knows and trusts, and his social impairments do not completely hinder his ability to perform and complete assigned tasks. *Id.* The record indicated that Plaintiff was able to interact with medical professionals without significant issue. AT 332-42, 827. Plaintiff enjoyed watching movies with his mother, communicating with friends online, and staying with his cousins. AT 310, 315, 434, 605.

The ALJ could consider the objective medical evidence in resolving conflicts in Plaintiff's testimony, and could reject the more extreme portions of his testimony when in conflict with this evidence. *Rollins*, 261 F.3d at 857; *see also Tidwell v. Saul*, 836 F.

App'x 523, 525-26 (9th Cir. 2020) (finding in part that medical evidence showing improvements in mental health "undercut such expansive limitations that it was "impossible" to work around others, he had difficulties concentrating and was unable to follow instructions); *Gregg v. Astrue*, 2009 WL 3295117, at *4 (E.D. Wash. Oct. 13, 2009) (discounting the plaintiff's symptom testimony in part based on the medical evidence because it was not consistent with the plaintiff's broad assertions she could not work anymore due to worsening mental illness, nervousness around people, poor memory, inability to focus, and experience of panic attacks).

The ALJ also cited Plaintiff's activities of daily living, noting multiple times when Plaintiff reported being able to perform tasks that contradicted his symptom statements. This included Plaintiff's mental status examinations which, aside from one examination where Plaintiff was poorly groomed and disheveled, showed normalcy with respect to Plaintiff's personal appearance. AT 333, 489, 494, 499, 504, 514, 519, 529, 539. While Plaintiff had impairments in his ability to leave the house, he could eat normally and perform self-care activities. AT 415. Further, Plaintiff reported that he enjoyed playing video games and watching movies, he could engage with new people (such as health care providers), and had normal appearance repeatedly. AT 310, 318, 334, 348, 351, 366, 371-72, 405, 415, 441.These are permissible reasons to discount Plaintiff and his mother's statements that he had an inability to perform activities of daily living. AT 228-35; *see Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment."); *Burch*, 400 F.3d at 680-81 (noting that though cited daily activities "may also admit of an interpretation more favorable to [the plaintiff], the ALJ's interpretation was rational" and must be upheld where susceptible to more than one rational interpretation).

Finally, the ALJ did not wholly discount Plaintiff's symptom statements, such that he was deemed able to perform any job in the national economy. Plaintiff was found to

never be able to interact with members of the public and unable to perform work requiring a specific production rate. AT 22. Under the regulations, Plaintiff's statements of subjective symptoms alone are insufficient grounds to establish disability. 20 C.F.R § 416.929(a). The Court finds the ALJ provided sufficiently specific reasons for discounting the more severe aspects of Plaintiff's symptom testimony regarding his mental impairments, such that the Court does not find Plaintiff's testimony was arbitrarily discredited. *See Brown-Hunter*, 806 F.3d at 493.

## V.     CONCLUSION

Having addressed all of the points of error raised by Plaintiff, the Court finds the ALJ's decision otherwise supported by substantial evidence in the record and free from legal error. *See Ford*, 950 F.3d at 1148 (noting that a district court may reverse only if the ALJ's decision "contains legal error or is not supported by substantial evidence").

## ORDER

Accordingly, the Court ORDERS:

1. Plaintiff's motion for summary judgment (ECF No. 10) is DENIED;
2. The Commissioner's cross-motion (ECF No. 16) is GRANTED;
3. The final decision of the Commissioner is AFFIRMED; and
4. The Clerk of the Court is directed to CLOSE this case.

Dated:  July 28, 2025

*/s/ Chi Soo Kim*
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

5, gonz.2768.24